**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

LUIS ANGEL GUERRIDO-MEDINA,

**Defendant.**

CRIM. NO. 16-218-2 (RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Luis Angel Guerrido-Medina's ("Defendant" or "Guerrido-Medina") *Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* ("*Motion for Compassionate Release*"). (Docket No. 1457). For the reasons set forth below, the request for compassionate release is **DENIED WITHOUT PREJUDICE.**

### I. BACKGROUND

In June 2017, Defendant, alongside twenty-three other persons, was charged with multiple offenses stemming from participation in a criminal enterprise that was "engaged in robbery, burglary, drug distribution, and other acts of violence, including murder." (Docket No. 363 at 3). On June 7, 2022, Defendant entered into the *Plea Agreement* and pled guilty to Count One of the *Second Superseding Indictment*, conspiring to violate 18 U.S.C. § 1962(c) in violation of 18 U.S.C. § 1962(d). (Docket Nos.

363 at 3-4; 1228; 1229 and 1230). Under the terms of the agreement, the parties agreed to recommend a downward sentencing variance of 204 months' imprisonment. (Docket No. 1228 at 4). On December 14, 2022, Defendant was sentenced to 204 months' imprisonment and a five-year term of supervised release. (Docket No. 1395).

On November 27, 2024, Defendant filed the *Motion for Compassionate Release*. (Docket No. 1457). Defendant claims there are extraordinary and compelling reasons for his release because: (i) his mother has various health conditions and requires his assistance, and (ii) he has undergone extensive rehabilitation. Id. at 8-9. He then argues that the 18 U.S.C. § 3553(a) sentencing factors support his release. Id. at 11. The Government filed its *Response* on December 17, 2024. (Docket No. 1463). The Government argues that Defendant's *Motion for Compassionate Release* should be denied as he does not meet the statutory requirements for compassionate release and the relevant § 3553(a) factors weigh against granting his request. Id. at 2.

## II.  APPLICABLE LAW

Ordinarily, a court may not modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). However, it may grant compassionate release to a defendant subject to certain requirements. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a court may not modify a final sentence unless a defendant has "fully exhausted all

administrative rights to appeal a failure of" the Bureau of Prisons ("BOP") to bring a motion for reduction of sentence on his behalf or if thirty days have elapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Even if these conditions are met, the district court must consider "the factors set forth in section 3553(a) to the extent that they are applicable," and there **must still be** "extraordinary and compelling reasons" warranting the proposed reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also* United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (providing general principles for evaluating compassionate release motions). The defendant bears the burden of establishing that extraordinary and compelling reasons exist, that he is no longer a danger to the community, and that the § 3553(a) factors favor release. United States v. Galiany-Cruz, 2023 WL 6458535, at *1 (1st Cir. 2023); United States v. Miranda-Rojas, 2023 WL 7181650, at *1 (1st Cir. 2023).

The United States Sentencing Commission's ("USSC") policy statement on motions for compassionate release initiated by prisoners provides further direction. *See* U.S.S.G. § 1B1.13. Following the USSC's guidance, "district courts addressing such motions not only will be bound by the statutory criteria but also will be required to ensure that their determinations of extraordinary and compelling reasons are consistent with that guidance." United States v. Ruvulcaba, 26 F.4th 14, 23-24 (1st

Cir. 2022). The First Circuit expects district courts "to take heed of" the new policy statement when determining whether a defendant is eligible for compassionate release. <u>United States v. Rivera-Rodríguez</u>, 75 F.4th 1, 18 n.22 (1st Cir. 2023).

The policy statement outlines six circumstances that individually or in combination may constitute extraordinary and compelling reasons warranting relief: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether defendant was a victim of abuse while incarcerated; (5) "other reasons" similar in gravity to the preceding four reasons; and (6) whether the defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b). Moreover, the court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

### III. DISCUSSION

The Court construes Defendant's *pro se Motion for Compassionate Release* liberally. As a threshold matter, it appears that Defendant has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A). Guerrido-Medina attached a copy of the BOP's denial of his initial request for compassionate release. (Docket No. 1457-1 at 1). The Government has not disputed that the administrative exhaustion is satisfied. (Docket No. 1463). The Court therefore proceeds to evaluate the merits of the *Motion for*

*Compassionate Release*. *See* United States v. Quirós-Morales, 83 F.4th 79, 84 (1st Cir. 2023); United States v. Texeira-Nieves, 23 F.4th 48, 53 (1st Cir. 2022) (holding the administrative exhaustion requirement is a "non-jurisdictional claim-processing rule").

The Court denies Defendant's *Motion for Compassionate Release* for two reasons. First, he fails to present extraordinary and compelling circumstances that would justify release. Second, he has not shown that release is warranted given the factors set out in 18 U.S.C. § 3553(a). The Court does not decide whether Defendant presents a danger to the community at this time.

## A. Defendant does not present extraordinary and compelling circumstances justifying release.

Defendant offers his mother's medical circumstances and, as a secondary factor, his own rehabilitation, as justification for compassionate release. The Court addresses each in turn.

### i. *Defendant's Mother's Medical Circumstances*

Defendant's mother is sixty-seven years old and suffers from an array of medical conditions including: (i) recurrent major depressive disorder, "severe with psychotic symptoms"; (ii) generalized anxiety disorder; (iii) insomnia; (iv) essential (primary) hypertension; and (v) erosive (osteo) arthritis. (Docket No. 1457 at 5, 8). In support of his *Motion for Compassionate Release*, Defendant attaches his mother's medical records listing her diagnoses and prescribed medications. (Docket No. 1457-1 at

17-44). He also submits letters from family members and friends attesting to his rehabilitation and his mother's need for his aid. Id. at 82-91. One such letter is from Defendant's brother, who lives in New Jersey and cannot care for his mother regularly. Id. at 88. The brother states that while his sister has been taking care of their mother, she is overwhelmed because of her professional responsibilities and caretaking duties and Defendant's help would benefit his family. Id.

Unfortunately for Defendant, his argument is unpersuasive. While extraordinary and compelling reasons exist when a defendant's parent is incapacitated and "the defendant would be the **only available caregiver** for the parent," Defendant admits that he is not the "only available caregiver." U.S.S.G. § 1B1.13(b)(3)(C) (emphasis added). Under the 2024 policy statement, the availability or lack of alternate caregivers is "central" to determining whether extraordinary and compelling reasons exist. United States v. Figueroa-Gibson, 2024 WL 376432, at *6 (D.P.R. 2024). *Compare* United States v. Daham, 2021 WL 279971, at *2 (D. Me. 2021) (granting compassionate release to defendant who was the sole caretaker for two elderly parents with pre-existing health conditions), *with* United States v. Rodríguez-Berríos, 2022 WL 2437711, at *5 (D.P.R. 2022) (denying compassionate release when defendant had several siblings who could potentially care for defendant's mother and aunt). Here,

Defendant's position is akin to that of the defendant in Rodríguez-Berríos and must also fail. As an alternative caretaker exists and has been caring for Defendant's mother, he cannot satisfy the textual requirements of the USSC policy statements. (Docket Nos. 1457 at 8 and 1457-1 at 88).

Additionally, Defendant's argument as to his mother's incapacitation and need for a caregiver is insufficiently developed. *See* Saccoccia, 10 F.4th at 3. Defendant provides no reason as to why his siblings cannot care for his mother in the future (even if this requires more time than they would prefer), no information to explain his mother is indeed "incapacitated," and no discussion of the type of care his mother requires. (Docket No. 1457). His exhibits verify that his mother has been diagnosed with various ailments and prescribed various medications, but he provides no elaboration on the type of care, time commitment, or expected duration of caregiving his mother requires. (Docket Nos. 1457 and 1457-1). Although his sister may be overwhelmed and lack the time to take care of Defendant's mother in the same way that someone with more free time could, § 1B1.13(b) does not contemplate convenience to a defendant's family as grounds for compassionate release. Section 1B1.13(b)(3)(C) cannot apply here.

### ii. Defendant's Rehabilitation

Defendant also points to his rehabilitation in prison as an additional extraordinary and compelling reason supporting release.

(Docket No. 1457 at 9). However, the "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement [on compassionate release]." U.S.S.G. § 1B1.13(d). Consequently, Defendant's rehabilitation cannot stand alone as an "other reason[]" for compassionate release at § 1B1.13(b)(5), something he himself notes in his *Motion for Compassionate Release*. (Docket No. 1457 at 11). Defendant's rehabilitation could be considered "in combination with other circumstances" when evaluating proposed reductions in a defendant's sentence, but as Defendant has not offered any extraordinary and compelling reasons justifying release, this does not apply. U.S.S.G. § 1B1.13(d); (Docket No. 1457).

Defendant's *Motion for Compassionate Release* must fail because he is not the only available caregiver for his mother and has not presented a valid extraordinary and compelling reason that could be considered in conjunction with his purported rehabilitation. U.S.S.G. § 1B1.13(b)(3)(C); § 1B1.13(d). Additionally, as discussed below, compassionate release is not warranted even if an extraordinary and compelling reason for release did exist because the § 3553(a) factors counsel against it.

**B. Defendant has not shown that the § 3553(a) factors warrant his release.**

The Court need only consider the § 3553(a) factors if it has found an extraordinary and compelling reason justifying release. <u>Saccoccia</u>, 10 F.4th at 8; <u>Texeira-Nieves</u>, 23 F.4th at 52. However, providing this analysis can aid a reviewing court. *See* <u>Saccoccia</u>, F.4th at 8. Each factor does not need to be "tick[ed] off" by a district court, and it is presumed that factors "not specifically mentioned were simply unpersuasive." <u>Id.</u> at 10 (citation omitted). Of relevance in this case given the submissions of the parties are the nature and circumstances of the offense, the history and characteristics of the defendant, and the sentence imposed. *See* 18 U.S.C. § 3553(a)(1)-(2).

    *i.   Nature and circumstances of the offense and the history and characteristics of Defendant*

Defendant was convicted of conspiring to violate 18 U.S.C. § 1962(c) for his involvement with a criminal enterprise that engaged in and conspired to participate in "a pattern of racketeering activity to include robbery, drug distribution, and other acts of violence, including murder." (Docket No. 1228 at 1-2). As outlined under Count One in the *Second Superseding Indictment*, Defendant was involved in: (i) a November 2010 ATM theft that resulted in an assault, abductions, and robberies; (ii) an August 2015 robbery of a gas station and convenience store where the clerk was threatened with a sledgehammer and restrained in a

bathroom; and (iii) an October 2015 visit to a pharmacy with the intent of burglarizing it. (Docket No. 363 at 10, 12-13). The *Plea Agreement* further notes that in July 2009, Defendant "participated in a drug turf dispute that resulted in the premediated killings" of two people. (Docket No. 1228 at 14). At other times, he "conspired to possess with intent to distribute": (i) 280 grams or more of cocaine base, (ii) one kilogram or more of heroin, (iii) five kilograms or more of cocaine, (iv) one hundred kilograms or more of marijuana, (v) Oxycodone, and (vi) Alprazolam (Xanax). Id. In sum, Defendant plead guilty to a litany of serious offenses that posed a serious, undeniable danger to members of the public and took place over a period of approximately six years.

Regarding his history and characteristics, Defendant presents certificates and accolades earned while serving his sentence, including courses in continuing education, physical wellness, English as a Second Language, art, business, civility, and personal finance. (Docket No. 1457-1 at 46-80). His presentence investigation report indicates that he has accepted responsibility for his actions and regrets the impact his arrest and conviction have had on himself and his family. (Docket No. 1298 at 16). While Defendant has received one disciplinary infraction while in prison for possession of a "hazardous tool," the Government acknowledges he lacks any "extensive disciplinary record." (Docket No. 1463 at 7). All Defendant's efforts are laudable, but rehabilitation alone

is insufficient to warrant Defendant's release. <u>United States v. Sepulveda</u>, 34 F.4th 71, 77 (1st Cir. 2022). Countering his primarily positive behavioral record in prison, Guerrido-Medina has an extensive criminal history. (Docket No. 1298 at 20-22). These convictions relate to burglary, illegal appropriation, and receipt of stolen property.[1] <u>Id.</u> The seriousness of the underlying offense further cuts against granting compassionate release here.

*ii. The sentence imposed*

Section 3553(a) also "instructs courts to consider the need for the sentence imposed to, among other things, 'reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" <u>Figueroa-Gibson</u>, 2024 WL 376432, at *7; 18 U.S.C. § 3553(a)(2). Defendant argues he has a low risk of recidivism and has a post-release plan where he will work in Ferreteria Villa Esperanza and be supported by his family members. (Docket No. 1457 at 11-12). He submits various letters from his family and friends supporting his release. (Docket No. 1457-1 at 82-91).

Weighing the factors listed at § 3553(a)(2)(A)-(C), the Court is not persuaded by Defendant's arguments. As noted by the Government, Defendant "has only served approximately 50% of his sentence." (Docket No. 1463 at 9). *Cf* <u>Daham</u>, 2021 WL 279971, at *4

---

[1] The Court considers only offenses that contributed to Defendant's criminal history score. (Docket No. 1298 at 20-22).

(granting compassionate release when the defendant had two months remaining on a three-year sentence). His current term of imprisonment results from serious and violent activities occurring over a period of several years and demonstrating a marked disregard for the law and the well-being of others. Additionally, the actual term of imprisonment is one Defendant agreed to in his *Plea Agreement*, which at 204 months is approximately a fifty-seven percent decrease from the lower end of the applicable Guideline range of 360 months. (Docket Nos. 1228 and 1400 at 1). There is also great social value in deterring Defendant and others from engaging in similar behavior in the future. Granting compassionate release to Defendant now would undermine the seriousness of his offenses, fail to promote respect for the law, and not provide just punishment for his offense. 18 U.S.C. § 3553(a)(2). Weighing the § 3553(a) factors, the Court determines that the balance of relevant factors cuts against granting Defendant's *Motion for Compassionate Release*, even if the other requirements for compassionate release had been satisfied.

### IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendant Luis Angel Guerrido-Medina's *Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* at Docket No. 1457 is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of January 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE